Filed 3/25/13  In re Rodabaugh CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re DALE S. RODABAUGH<br><br><br><br>on Habeas Corpus. | B237139<br><br>(Los Angeles County<br>Super. Ct. No. PA021193) |

ORIGINAL PROCEEDINGS: Petition for writ of habeas corpus.  Meredith C. Taylor, Judge.  Writ granted in part, denied in part.

Lisa M. J. Spillman for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Jason C. Tran and Kenneth C. Byrne, Deputy Attorneys General for Plaintiff and Respondent.

_____

In his habeas corpus petition, petitioner Dale S. Rodabaugh raises several challenges to his convictions and sentencing in *People v. Rodabaugh* (Super. Ct. L.A. County, 1999, No. 021193) and the direct appeal of that case to this court. (*People v. Rodabaugh* (Sept. 11, 2000, B135546) [nonpub. opn.].) We directed respondent to show cause on the limited issue of the enhancements ordered by the trial court under Penal Code section 12022, subdivision (b).[1]

Petitioner contends that imposition of two 2-year enhancements for personal use of a deadly weapon on separate counts of second degree robbery (§ 211) was unauthorized. He argues section 12022, subdivision (b), authorizes two-year enhancements only when the defendant is convicted of carjacking or attempted carjacking. Respondent concedes the two-year enhancements were unauthorized. We conclude the two enhancements should each be reduced from two years to one year in accordance with section 12022, subdivision (b). Habeas relief as to the remaining issues is denied.

## FACTUAL AND PROCEDURAL SUMMARY[2]

Petitioner was convicted of three counts of second degree robbery (§ 211) and two counts of assault (§ 245, subd. (a)(1)) for a series of purse-snatching incidents. The jury also found true allegations of personal use of a deadly weapon (§ 12022, subd. (b)) on four of the counts and infliction of great bodily injury (§ 12022.7, subd. (a)) on one of the assault counts. The court sentenced defendant to a total term of 95 years to life. This included two-year enhancements for the allegations under section 12022, subdivision (b).

Petitioner appealed the convictions and sentencing determinations to this court. (*People v. Rodabaugh*, *supra*, B135546.) We concluded the trial court erred in imposing two-year enhancements for personal use of a deadly weapon on the two counts of assault (counts 2 and 5). (*Ibid*.) We found that section 12022, subdivision (b) prescribes an

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     We take judicial notice of the record in defendant's prior appeal. (Evid. Code, § 452, subd. (d).)

enhancement of one year unless the underlying offense is carjacking or attempted carjacking. (*Ibid*.) We otherwise affirmed the judgment of conviction. (*Ibid*.) Petitioner filed a habeas corpus petition alleging numerous errors.

## DISCUSSION

Petitioner contends the trial court exceeded its jurisdiction in imposing two-year enhancements for personal use of a deadly weapon on his convictions for second degree robbery under counts 1 and 3. He argues the court was not authorized to impose enhancements greater than one year unless he was convicted of carjacking or attempted carjacking.

Section 12022, subdivision (b)(1), authorizes an additional and consecutive term of one year in state prison for any person who personally uses a deadly or dangerous weapon in the commission of a felony. The next subdivision provides that if the person "has been convicted of carjacking or attempted carjacking, the additional term shall be in the state prison for one, two, or three years." (§ 12022, subd. (b)(2).) The trial court imposed two-year enhancements under this section on counts 1 and 3 after the jury found petitioner had personally used a deadly weapon in the commission of the second degree robberies.

In its reply to the order to show cause, respondent agrees with petitioner's contention that the trial court erred in imposing the two-year enhancements under section 12022, subdivision (b), because petitioner was not convicted of carjacking or attempted carjacking. We conclude the court exceeded its jurisdiction by imposing two-year enhancements under section 12022, subdivision (b). When enhancement provisions are improperly applied to lengthen a defendant's sentence, the court exceeds its jurisdiction, and the defendant is entitled to raise the claim in a habeas corpus petition. (See *In re Harris* (1993) 5 Cal.4th 813, 836, 839-840.) We shall modify the judgment to reflect one-year enhancements on counts 1 and 3 rather than the current two-year enhancements because petitioner was not convicted of carjacking or attempted carjacking.

## DISPOSITION

The petition for a writ of habeas corpus is granted in part and denied in part. We grant petitioner relief as to the section 12022, subdivision (b) enhancements, reducing both of the enhanced terms from two years to one year. The petition is denied as to the remaining relief requested. The superior court is directed to prepare an amended abstract of judgment reflecting this modification, and to forward a copy to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

SUZUKAWA, J.

4